## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* BOWER.

### [No. 10,421.   Filed May 28, 1920.]

CARRIERS.—*Carriage of Live Stock.—Agreement to Extend Time of Confinement of Cattle Without Feed or Water.—Validity.—Statutes.*—An agreement by a carrier to transport cattle within a reasonable time is not a preferential contract in violation of 24 U. S. Stat. 379 (U. S. Comp. Stat. §8563 *et seq.*), 32 U. S. Stat. 847, c. 708 (U. S. Comp. St. §§8597-8599), regulating interstate commerce, merely because the shipper requested the carrier to extend the time of confinement of the cattle without unloading for feed, water and rest for thirty-six hours, as authorized by U. S. Comp. Stat. §8651.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by John C. Bower against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George H. D. Gibson, Jewett, Bulleit & Jewett, Morison A. Waite* and *William A. Eggers,* for appellant.

*Frank W. Carr,* for appellee.

REMY, J.—Appellee shipped twenty-eight head of cattle over appellant's railroad from Marysville, Indiana, to Cleveland, Ohio. This action is by appellee to recover damages alleged to have been sustained by appellee because of delay in shipment. The bill of lading, which is made a part of the complaint, is in the usual form, and, among other things, provides that the transportation shall be "with reasonable dispatch." At the time of the execution of the bill of lading, as averred in the complaint, appellee filed with appellant his request that the time of the confinement of the cattle without unloading the same for feed, water and rest, be extended to thirty-six hours, which request was acceded to by appellant. It is further averred in the

complaint that, if appellant had, in compliance with the terms of the bill of lading, transported the cattle with reasonable dispatch, they would have been delivered at Cleveland within thirty hours, but that through the negligence of appellant the delivery was delayed more than sixty hours, to appellee's damage in the total sum of $139.10.

Appellant's demurrer to the complaint for want of sufficient facts was overruled and, appellant refusing to plead further, judgment was rendered in favor of appellee. The only assigned error is the action of the court in overruling the demurrer.

It is the contention of appellant that the complaint is based upon a preferential contract to transport and deliver the cattle within a specified time, and that inasmuch as there is no averment showing that appellant, by any tariffs or schedules which it had established or filed, had held itself out as willing to make similar contracts with all shippers, the contract is in violation of the statutes regulating interstate commerce (24 U. S. Stat. 379 [§8563 *et seq.* U. S. Comp. Stat. 1916] ; 32 U. S. Stat. 847, c. 708 [§§8597-8599 U. S. Comp. Stat. 1916]), and cannot form the basis of a valid complaint. Unfortunately for appellant, the complaint is not based upon a preferential agreement. The theory of the complaint is that appellee as a common carrier had agreed to deliver the cattle within a reasonable time, and that through appellant's negligence there was long and unreasonable delay, resulting in the damages of which complaint is made. There was no agreement to deliver the cattle at any specified time. It is apparent that the request of appellee that the time of confinement of the cattle without being unloaded be extended for thirty-six hours was made pursuant to §8651 of the federal statutes regulating interstate commerce (34 U. S. Stat. 607, §8651 U. S. Comp. Stat. 1916), which provides

as follows: "No railroad * * * carrying or transporting cattle, sheep, swine, or other animals from one State or Territory or the District of Columbia into or through another State or Territory or the District of Columbia, shall confine the same in boats, cars or vessels of any description for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which can not be anticipated or avoided by the exercise of due diligence and foresight: Provided, that upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading, or other railroad form, the time of confinement may be extended to thirty-six hours."

The agreement on the part of appellant, in compliance with appellee's request to extend the time fixed by statute for unloading the cattle, having been made in accordance with the above statute, was open to every shipper, and was not a preferential contract.

The case of *Chicago, etc., R. Co.* v. *Kirby* (1912), 225 U. S. 155, 32 Sup. Ct. 648, 56 L. Ed. 1033, Ann. Cas. 1914A 501, which is relied upon by appellant, is not in point. In that case, the carrier had entered into a special contract with the shipper by which it agreed to make certain connections with another railroad at a specified time and place, and to deliver certain horses in a distant city at a designated hour. The Supreme Court of the United States rightly held that the carrier's obligation created by the special contract was more burdensome than would be its obligation to a shipper with whom it made no special contract, and that in the

absence of a published rate, open to all, the contract was not enforceable. In the case at bar, the agreement to extend the time for unloading the cattle is not only in accordance with a statutory provision, and open to all, but was not more burdensome upon the carrier; if anything, it made the burden lighter.

The trial court did not err in overruling appellant's demurrer to the complaint. Judgment affirmed.